|  |  |  |
|---|---|---|
| JARVIS GRINDSTAFF | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES SMALL BUSINESS | ) | |
| ADMINISTRATION, | ) | Civil Action No. 21-2373 |
| | ) | |
| ISBELLA CASILLAS GUZMAN | ) | |
| in her official capacity as the | ) | |
| Administrator of the United States | ) | |
| Small Business Administration | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff Jarvis Grindstaff, by his undersigned attorney, brings this action for relief and damages based on the denial of his rights under Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., to remedy acts of employment discrimination and retaliation perpetrated against him by the United States Small Business Administration ("SBA").

2.  Plaintiff contends that SBA officials refused to provide reasonable accommodation, treated him differently from non-disabled employees, created a hostile working environment, and retaliated against him for engaging in protected EEO activity.

### JURISDICTION AND VENUE

3.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 42 U.S.C. § 2000e-5, 29 U.S.C. § 791, *et seq.*

4.  Venue is appropriate in this Court under 28 U.S.C. § 1391.

1

**PARTIES**

5.      Plaintiff Jarvis Grindstaff, a male, is a citizen of the United States and a resident of the District of Columbia. He was employed with the SBA as a Former Economic Development Specialist, GS-9, Office of Field Operations, U. S. Small Business Administration, 409 Third Street, S.W., Washington, D.C. 20416. Plaintiff resides at: 417 17th St NE Unit B Washington, DC 20002. He worked in that capacity from June 1, 2015, until November 18, 2016, when he was terminated.

6.      Defendant Isabel Guzman is the Administrator of the SBA. The Administrator is being sued in her official capacity as provided by law based on her executive responsibility for administering SBA personnel policies and her responsibility to enforce and to promote equal employment opportunity throughout the SBA. During the relevant time period, the SBA employed well-over 500 employees. Defendant's address is: Administrator of the United States Small Business Administration, U.S. United States Small Business Administration, 409 3rd St SW, Washington, DC 20416

7.      Steven Dixel is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official. Mr. Dixel was Plaintiff's first-line supervisor. At all times relevant to this case, he was the Director, Business Operations Officer, Office of Field Operations, SBA, Washington, D.C. He became Plaintiff's supervisor in January 2016.

8.      Gaye Walker is not a defendant in this lawsuit but was named in Plaintiff's EEO complaint as a discriminating official. She was the Deputy, Assistant Administrator, Office of Diversity, Inclusion, and Civil Rights, SBA, Washington, D.C. At the times relevant to this case, she was the Local Reasonable Accommodation Coordinator.

9.      Pamela Smith is not a defendant in this lawsuit but was named in Plaintiff's EEOC complaint as a discriminating official. At the times relevant to this case, Ms. Smith was the Branch Chief, Customer Support and Operations, Office of Chief Information Technology, SBA, Washington, D.C.

## STATEMENT OF FACTS

10.     Plaintiff served in the position of Economic Development Specialist, Office of Field Operations (OFO) in Washington D.C. from June 1, 2015, to November 18, 2016.

11.     Plaintiff identifies his disability as profound deafness. He is 100% deaf. His disability impacts his ability to hear, speak, and communicate.

12.     When Plaintiff entered service at the agency the agency was aware that he was deaf.

13.     Plaintiff needed reasonable accommodation to perform his job duties. Plaintiff asked the Agency to provide an interpreter and equipment as a form of reasonable accommodation.

14.     Plaintiff's states his main mode of communication is with a permanent interpreter, and he also uses hardware called UbiDuo, which communicates what is texted to the device to other people.

15.     Plaintiff informed the Defendant that UbiDuo is not a reliable form of accommodation.

16.     Plaintiff engaged in EEO activity at the start of his employment when he requested an immediate reasonable accommodation.

17.     Steven Dixel has stated that upon his first day of coming to work in Plaintiff's unit which was January 2016, he was aware of Plaintiff's disability and knew Plaintiff needed reasonable accommodations to perform his job.

18.      During the relevant time period, Gaye Walker was the reasonable accommodation coordinator. She was responsible for processing Plaintiff's reasonable accommodation requests. She was aware of his disability and accommodation needs.

19.     Pamela Smith managed the service desk which includes contractors who manage the helpdesk and Agency staff who are IT specialists. She was aware of Plaintiff's disability and accommodation needs. She knew he required an interpreter and special equipment in order to communicate with the rest of the staff.

20.     Steve Dixel refused to discuss accommodation options with Plaintiff.

21. When asked for reasonable accommodation, Steve Dixel denied Plaintiff's request for accommodation

22. On July 23, 2016, Plaintiff's Reasonable Accommodation request to order new videophone equipment was denied.

23. On August 11, 2016, August 24, 2016, August 29, 2016, September 8, 2016, and October 27, 2016, Plaintiff's accommodation equipment was not working, but the agency refused to fix it.

24. Plaintiff's video phone firewall continuously broke down and interrupting his phone service.

25. The phone was critical for Plaintiff to perform daily functions with clients.

26. Plaintiff asked for new video phone equipment to resolve the issue, but the agency refused to provide it.

27. From July 23, 2016 to his termination, his accommodation needs were never resolved, which hindered his ability to do his job.

28. On average, he would receive 10 calls from around the country weekly on his video phone. The technological issues hampered his performance because he was unable to communicate with clients.

29. On October 17, 2016, management refused to accept Plaintiff's three leave slips for October 3, 4, and 11, 2016.

30. Mr. Dixel preapproved the leave prior to Plaintiff's leave.

31. Plaintiff learned that his interpreter would be out on leave from October 19-21, 2016.

32. Plaintiff asked Ms. Walker for a substitute interpreter during his interpreter's absence, but his request was denied.

33. On October 19, 2016, Plaintiff's request for administrative leave to go to the EEO Office was denied.

34. On October 27, 2016, management charged Plaintiff with Absent Without Official Leave.

35. On October 19, 2016, Plaintiff's request for an interpreter was ignored. His interpreter submitted his request for leave several weeks before he was leaving, so there should have been time to find him a replacement.

36.     From October 19-21, 2016, Plaintiff's phone and Outlook did not work.  He had no reasonable accommodation on those days.  His ability to communicate was gone.

37.     Plaintiff contacted the EEO office on October 20, 2016 and alleged that Mr. Dixel harassed him because of his disability.

38.     On October 27, 2016, Mr. Dixel told Plaintiff that his requests for reasonable accommodation resulted in people not liking him.

39.     On November 18, 2016, Plaintiff was issued a Notice of Termination for Unacceptable Conduct. The termination letter termination letter cited 14.5 hours of AWOL and "untimely and incomplete and inappropriate responses" to Ms. Dixel's questions about the absences.

40.     Plaintiff was not able to appeal the termination as he was still a probationary employee.

41.     Plaintiff was not timely promoted to a GS-9.

42.     On November 30, 2016, Plaintiff filed a formal EEO complaint alleging that:

Whether Complainant was subjected to harassment that created a hostile work environment and discriminated against on the bases of disability (Hearing Impaired), and reprisal (EEO activity) when:

1) On July 23, 2016, Complainant's Reasonable Accommodation request to order new videophone equipment was denied.

2) On August 11, 2016, August 24, 2016, August 29, 2016, September 8, 2016, and October 27, 2016, Complainant's work equipment was not working.

3) On October 17, 2016, management refused to accept Complainant's three leave slips for October 3, 4, and 11, 2016.

4) On October 19, 2016, Complainant's request for an interpreter was ignored.

5) On October 19, 2016, Complainant's request for administrative leave was denied.

6) On October 27, 2016, Complainant was told that his request(s) for Reasonable Accommodation resulted in people not liking him.

7) On October 27, 2016, management made a final decision to charge Complainant with Absent Without Official Leave.

8) On November 18, 2016, Complainant was issued a Notice of Termination for Unacceptable Conduct.

9) Management refused to promote Complainant to a GS-9.

10) Management terminated his employment.

43. On June 23, 2021, Defendant issued a final agency decision finding no discrimination.

**EXHAUSTION OF REMEDIES**

44. Plaintiff exhausted all administrative requirements that apply to the processing of his complaints, including the filing of complaints with Defendant's EEO Office.

**STATEMENT OF CLAIMS**

COUNT I: Disability Discrimination in Violation of the Rehabilitation Act: disparate treatment.

45. Plaintiff adopts and incorporates by reference paragraphs 1-44 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected his to discrimination on the basis of his disability when Defendant treated him less favorably than non-disabled employees.

46. A result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical ailments, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT II: Disability Discrimination: failure to provide reasonable accommodation.

47. Plaintiff adopts and incorporates by reference paragraphs 1-46 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected his\m to discrimination on the basis of his disability when it denied his reasonable accommodation.

48. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment

opportunities and career advancement and mental distress, embarrassment, humiliation, physical ailments such as heart problems, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT III: Hostile work environment based on disability.

49. Plaintiff adopts and incorporates by reference paragraphs 1-48 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected his to discrimination on the basis of his disability when it subjected his to a continuous pattern of harassment.

50. As a result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical injury, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorney fees, the costs of this litigation, and accrued interest.

COUNT IV: Hostile work environment based on prior EEO activity.

51. Plaintiff adopts and incorporates by reference paragraphs 1-50 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected his to a pattern of retaliatory harassment after he engaged in protected EEO activity and after he requested reasonable accommodation.

52. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical ailments such as heart problems, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT V: Retaliation.

53.     Plaintiff adopts and incorporates by reference paragraphs 1-52 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, retaliated against him after he requested reasonable accommodation and participated in the EEO process.

54.     As a result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical injury, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorney fees, the costs of this litigation, and accrued interest.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests this Court to:

A.     Enter judgment for Plaintiff against Defendant:

B.     Declare that the conduct of Defendant is in violation of the Rehabilitation Act;

C.     Award Plaintiff compensatory damages for the injuries, pain and suffering, and losses he suffered in an amount to be proven at trial;

D.     Award Plaintiff medical expenses and other costs;

E.     Order Defendant to pay all reasonable attorney fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest;

F.     Order Defendant to expunge Plaintiff's record of negative personnel information, including the termination and AWOL charge;

G.     Reinstate Complainant to his position and award backpay;

H.     Restore three days administrative leave on or about October 19-21, 2016;

I.     Provide reasonable accommodation; and

J.        Order such other equitable and legal relief as the Court deems necessary and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by a jury of his peers as to the claim set forth in this Complaint.

Plaintiff Jarvis Grindstaff
By Counsel

Respectfully submitted,

*s/a Rosemary Dettling*                            September 7, 2021
Rosemary Dettling, Esq.                   Date
DC Bar No. 441483
Federal Employee Legal Services Center
1629 K Street, NW, Suite 300
Washington, DC 20006
Tel. 202-390-4741
Fax. 202-379-9772
*Counsel for Plaintiff*

9